337 So.2d 756 (1976)
Grover L. ELLISON and Arnold Brent Ellison
v.
Rudy ABBOTT et al.
SC 1979.
Supreme Court of Alabama.
September 24, 1976.
J. Richard Carr, Gadsden, for appellants.
Merrill, Porch, Doster & Dillon, Anniston, for appellees.
MADDOX, Justice.
The sole issue: Is Jacksonville State University a state instrumentality and therefore immune from suit?
Plaintiff, Arnold Brent Ellison, signed a pre-enrollment application for a grant-in-aid *757 baseball scholarship with Jacksonville State, and was awarded a scholarship; however, the scholarship was withdrawn because Ellison's application was filed late in the Commissioner's office. Ellison sued Jacksonville State, and agents for Jacksonville State, for breach of contract. Jacksonville State filed a motion for summary judgment, claiming immunity from suit under Section 14 of the Constitution of Alabama, 1901. The court granted the motion. We affirm.
Section 14 of the Constitution provides "That the State of Alabama shall never be made a defendant in any court of law or equity." One of the early cases applying this section to state universities is Cox v. Board of Trustees of the University of Alabama, 161 Ala. 639, 49 So. 814 (1909). It referred to two previous decisions of the Supreme Court and stated:
"The cases above referred to settle the law in this state that public institutions created by the state purely for charitable or educational purposes are a part of the state, or a mere agency of the state; that the property of such corporations is really and in fact the property of the state, and that they are not subject to suit under section 14 of the Constitution of 1901, which prohibits the state from being made a party defendant in any court of law or equity, although the charters and acts of the Legislature incorporating such institutions expressly provide that they may sue and be sued as an individual.. . ."
Another case on the same point is Denson v. Alabama Polytechnic Institute, 220 Ala. 433, 126 So. 133 (1930). In that decision the court cited the Cox case and said:
". . . Such state institutions are a part of the state, and their property is in fact the property of the state. They are held to be immune from suits under the terms of our Constitution prohibiting suits against the state, though the charter may expressly provide otherwise.. . ."
The most recent case dealing with governmental immunity of a state institution is Hutchinson v. Board of Trustees of the University of Alabama, 288 Ala. 20, 256 So.2d 281 (1972).
We conclude that Jacksonville State University is an instrumentality of the State of Alabama, and is therefore immune from suit.
AFFIRMED.
HEFLIN, C. J., and BLOODWORTH, FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.
EMBRY, J., concurs in the result.
JONES, J., dissents.
JONES, Justice (dissenting).
I cannot agree to extend the State's constitutional immunity to Jacksonville State University. It is a public or quasi-public corporation created by the legislature and derives a portion of its financial support from the State. But this does not equate Jacksonville State University with the State of Alabama for purposes of immunity.
I respectfully dissent.