Defendant appeals from the trial court's entry of summary judgment holding that her counterclaim was barred by the doctrine of sovereign immunity. We affirm.
Plaintiff, University of South Alabama Medical Center, filed the present suit, seeking to recover $103,692.33 for services rendered to the late Julius E. Pierce. Defendant, Virginia Sarradett, as administratrix of the decedent's estate, counterclaimed for wrongful death. The trial court granted plaintiff's motion for summary judgment on the counterclaim on the ground that plaintiff is constitutionally immune from suit. The order was made final pursuant to Rule 54 (b), A.R.Civ.P., and defendant appealed.
Article I, section 14, of the Alabama Constitution of 1901 provides: "[T]he State of Alabama shall never be made a defendant in any court of law or equity." The immunity from suit provided by this section extends to state universities.Taylor v. Troy State University, 437 So.2d 472, 474 (Ala. 1983); Ellison v. Abbott, 337 So.2d 756, 757 (Ala. 1976). This Court has held that the operation of a hospital by a state university falls within the realm of sovereign immunity.Hutchinson v. Board of Trustees of University of Alabama,288 Ala. 20, 24, 256 So.2d 281, 284 (1971).
Defendant argues that plaintiff should be treated differently from other state university hospitals because the University of South Alabama took over an existing hospital and, defendant alleges, continues to operate it as a public hospital. Defendant points out that public hospitals, as defined in Code of 1975, § 22-21-70, are not immune from suit. Code of 1975, §22-21-77 (2); Horton v. Northeast Alabama *Page 427 Regional Medical Center, Inc., 334 So.2d 885, 888 (Ala. 1976).
Defendant notes that the facilities used by plaintiff were built under the authority of the Mobile County Hospital Board, that the agreement by which the University of South Alabama acquired the facilities stipulates that the transfer is conditioned upon continued operation as a public hospital, and that an ad valorem tax imposed on property in Mobile County is distributed to plaintiff to be used solely for public hospital purposes. Defendant argues that the operation of a public hospital is a business undertaking and, therefore, that plaintiff is not an arm of the State.
It is clear from the record in this case, however, that plaintiff medical center is owned and operated by the University of South Alabama in conjunction with its college of medicine. The agreement transferring the hospital to the University states that the University's desire to establish a college of medicine was the motivation for the transfer and that in order to immediately accomplish that desired result the University "must have complete ownership and control of all the properties of the [Mobile County Hospital] Board, including real and personal property and the facilities [formerly] used in the operation of the Mobile General Hospital." (Emphasis added.) Defendant filed nothing in response to plaintiff's motion for summary judgment to contest the assertion that the medical center is a part of the University which serves an educational purpose.
The fact that the University of South Alabama agreed to continue the operation of the medical center as a public hospital does not deprive the medical center of the immunity to which it is entitled as a subdivision of a state university. Defendant's contention that operation of a public hospital is a business undertaking rather than a governmental function has been addressed by this Court in the following passage:
 "Our cases are clear that the operation of a hospital is a `governmental function,' but even if we should classify the operation of University Hospital as being a `business function,' nevertheless, the State could not be sued. In a suit against the State Docks, this Court held in State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581 (1932) that the State cannot be sued indirectly by suing its officers or agents in their official capacity when a result would be directly to affect the financial status of the State Treasury, even if the State is engaged in performing a business or corporate power." Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. at 24, 256 So.2d at 284.
Plaintiff has cited us to numerous acts of the legislature appropriating money to the University of South Alabama for operation of the medical center. Therefore, and notwithstanding the ad valorem tax and any other sources of income for plaintiff, it appears to us that a judgment against plaintiff in this case would directly affect the financial status of the State treasury. Rigby v. Auburn University, 448 So.2d 345 (Ala. 1984).
Therefore, we hold that plaintiff is immune from suit by virtue of section 14 of our Constitution. Defendant argues, without citing any authority, that even if plaintiff is immune, defendant's claim should be allowed to the extent that it offsets plaintiff's claim against defendant. We do not agree. The State is as immune from counterclaims seeking affirmative relief as it is from original complaints. State v. Gill,259 Ala. 177, 183, 66 So.2d 141, 145 (1953); Alabama Girls'Industrial School v. Reynolds, 143 Ala. 579, 585, 42 So. 114,116 (1904). Allowing a setoff equal to any amount to which plaintiff may prove it is otherwise entitled would have the same adverse impact on financial resources of the State as a judgment against plaintiff.
Let the trial court's entry of summary judgment be affirmed.
AFFIRMED.
FAULKNER, ALMON, SHORES and HOUSTON, JJ., concur. *Page 428