SEE, Justice
(dissenting).
I dissent from the denial of the writ of mandamus. I would issue the writ directing the trial court to enter a summary judgment in favor of the defendant, Dr. Botros Rizk, on the ground that he is entitled to discretionary-function, or state-agent, immunity.
I dissent for the reasons stated in my dissent in Ex parte Cranman, 792 So.2d 392, 413 (Ala.2000) (substituted opinion on application for rehearing). I would apply to the facts of this case the following balancing test (this is the test stated in the withdrawn Cranman opinion of November 14,1999):
“Except where the Constitution or laws of the United States or the Constitution, laws, regulations, or rules of this state enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or where the governmental agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law; a governmental agent is immune from civil liability where the conduct made the basis of the claim against the agent is based upon the agent’s formulation of plans, policies, or designs, or where the agent otherwise makes decisions such as those made in the context of the following activities:
[[Image here]]
“(6) all other instances where acts or decisions, including those concerning the safety, health, well-being, fitness, competence, development, or confinement of persons, cannot be challenged without imposing a burden arising from interference with a coequal branch of government that exceeds the benefit of the challenging party’s right to a judicial remedy.”
792 So.2d at 414-15 (See, J., dissenting and quoting from the withdrawn opinion). Dr. Rizk, in performing an emergency cesarean-section upon his patient Elouise Robinson and in providing her aftercare, *915 was engaged in discretionary functions. See Smith v. Arnold, 564 So.2d 873 (Ala.1990); Smith v. King, 615 So.2d 69 (Ala.1993). The Alabama Legislature established the University of South Alabama as “a state institution of higher learning” and authorized the governing body of the University, the board of trustees, in order “to carry into effect the [Legislature’s] purposes,” to “prescribe courses of instruction” and “[to] do whatever else they may consider in the best interest of the institution.” Ala.Code 1975, §§ 16-55-1 and -4. In furtherance of its educational purpose, the University has created a college of medicine, and, in conjunction with the college of medicine, the University owns and operates the University of South Alabama Medical Center (“USAMC”).[1] See id. § 16-55-3 (authorizing the board of trustees to hold and dispose of any real and personal property). The USAMC provides medical education and training to medical students and resident physicians. As a third-year resident physician employed by the University, Dr. Rizk was furthering the educational purpose of the University and its college of medicine when he provided medical care and treatment to Ms. Robinson.[2] The denial of state-agent’s immunity to Dr. Rizk and other resident physicians at the University would hinder the educational purpose of the University by impeding the University’s ability to attract, educate, and train medical students and resident physicians, and it would thereby lessen the availability of qualified physicians to provide medical care and treatment to the citizens of the State of Alabama. Therefore, “because [Dr. Rizk was] exercising a discretionary function and because it does not appear in this case that the burden on the plaintiff significantly outweighs the benefits of applying State-agent immunity to [Dr. Rizk], the balance of the § 13 and § 14 policies, in light of § 43, favors the application of discretionary-function immunity to [Dr. Rizk] in the performance of [his] University-related health-care responsibilities.” Ex parte Cranman, 792 So.2d at 417 (on application for rehearing) (See, J., dissenting). I therefore dissent from the denial of the writ of mandamus.
MADDOX, J., concurs.

. In Sarradett v. University of South Alabama, 484 So.2d 426, 427 (Ala.1986), this Court held, that in operating the USAMC the University is performing a governmental function, and, thus, that the USAMC is a state entity immune from suit under Ala. Const, of 1901, art. I, § 14.

. This Court has held that state-employed physicians engage in discretionary functions in making health-care decisions. See, e.g., Smith v. Arnold, 564 So.2d 873 (Ala.1990). Although this factor alone is not determinative, it does favor the application of State-agent's immunity. See this Court's June 16, 2000, opinion in Ex parte Cranman, 792 So.2d at 413 (See, J., dissenting).