791 So.2d 911 (2000)
Ex parte Botros RIZK, M.D.
(In re Luciana Robinson, as administratrix of the estate of Elouise Robinson, deceased v. University of South Alabama Medical Center et al.)
1970493.
Supreme Court of Alabama.
June 30, 2000.
Rehearing Overruled November 11, 2000.
Philip H. Partridge and Thomas H. Nolan, Jr., of Brown, Hudgens, P.C., Mobile, for petitioner.
S. Greg Burge and R. Edwin Lamberth of Heninger, Burge, Vargo & Davis, *912 L.L.P., Birmingham, for respondent Luciana Robinson.
David G. Wirtes, Jr., of Cunningham, Bounds, Yance, Crowder & Brown, L.L.C., Mobile, for amicus curiae Alabama Trial Lawyers Ass'n.
Robert L. Williams of Spain & Gillon, L.L.C., Birmingham, for amici curiae The University of Alabama School of Medicine and The University of South Alabama College of Medicine.

On Application for Rehearing
JOHNSTONE, Justice.
The opinion of November 24, 1999, is withdrawn and the following is substituted therefor.
Defendant-petitioner Dr. Botros Rizk petitions this Court for a writ of mandamus directing the trial court to vacate its order denying Dr. Rizk's motion for summary judgment and to grant him summary judgment on the ground of his qualified immunity from suit. We determine that the writ must be denied.
Luciana Robinson, as administratrix of the estate of Elouise Robinson, deceased, filed a wrongful death action on the theory of medical malpractice pursuant to § 6-5-548, Ala.Code 1975. One of the defendants is Dr. Botros Rizk, a resident at the University of South Alabama Hospitals and Clinics (USAHC), a state institution. The complaint alleges that negligence by Dr. Rizk in performing an emergency caesarean-section delivery and in providing after-care proximately caused the death of his patient, whose estate the plaintiff Robinson administers.
Dr. Rizk moved for summary judgment. One of his grounds is that his status as a state employee performing a discretionary function immunizes him from suit. The trial judge denied Dr. Rizk's motion for summary judgment, Dr. Rizk sought permissive appeal under Rule 5, Ala. R.App. P., the trial judge denied permission, and Dr. Rizk petitioned this Court for a writ of mandamus directing the trial judge to grant the motion for summary judgment. While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus. Ex parte Purvis, 689 So.2d 794 (Ala.1996). This Court will address only the issue of qualified immunity, or, as we will call it in this context, State-agent immunity, and will state only the operative facts material to that issue.
Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala. R. Civ. P., Young v. La Quinta Inns, Inc., 682 So.2d 402 (Ala.1996). A court considering a motion for summary judgment will view the record in the light most favorable to the nonmoving party, Hurst v. Alabama Power Co., 675 So.2d 397 (Ala.1996), Fuqua v. Ingersoll-Rand Co., 591 So.2d 486 (Ala. 1991); will accord the nonmoving party all reasonable favorable inferences from the evidence, Fuqua, supra, Aldridge v. Valley Steel Constr., Inc., 603 So.2d 981 (Ala. 1992); and will resolve all reasonable doubts against the moving party, Hurst, supra, Ex parte Brislin, 719 So.2d 185 (Ala.1998).
An appellate court reviewing a ruling on a motion for summary judgment will, de novo, apply these same standards applicable in the trial court. Fuqua, supra, Brislin, supra. Likewise, the appellate court will consider only that factual material available of record to the trial court for its consideration in deciding the *913 motion. Dynasty Corp. v. Alpha Resins Corp., 577 So.2d 1278 (Ala.1991), Boland v. Fort Rucker Nat'l Bank, 599 So.2d 595 (Ala.1992), Rowe v. Isbell, 599 So.2d 35 (Ala.1992).
Dr. Rizk was a full-time third-year resident at USAHC, a division of the University of South Alabama and a state entity for the purposes of immunity analysis. Sarradett v. University of South Alabama Medical Center, 484 So.2d 426 (Ala.1986). The only compensation he received was his salary paid by USAHC. He was licensed to perform the caesarean section and to provide the aftercare under the supervision of an attending physician.
Robinson, the plaintiff, challenges Dr. Rizk's status as a state employee by citing facts to the effect that USAHC allowed the attending physician, through a private medical business entity, to bill patients for his services in supervising Dr. Rizk and other residents and to receive private compensation pursuant to such billings. This side agreement, however, does not diminish Dr. Rizk's status as a state employee, as he received none of the side-agreement moneys. Robinson's claim against the attending physician is not before us in this case.
The determinative issue is whether Dr. Rizk is protected from Mrs. Robinson's suit by State-agent immunity. Our recent case of Ex parte Cranman, 792 So.2d 392 (Ala.2000), recounts the evolution of Stateagent immunity, restates the law of State-agent immunity, and, according to that restatement, decides this very same issue whether a physician employed by a state university in its health facility is immune from suit for negligence in treating a patient there. Cranman holds that the physician is not protected by State-agent immunity. Cranman controls this case.
The restatement in Cranman reads:
"We therefore restate the rule governing State-agent immunity:
"A State agent shall [emphasis in original] be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
"(1) formulating plans, policies, or designs; or
"(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
"(a) making administrative adjudications;
"(b) allocating resources;
"(c) negotiating contracts;
"(d) hiring, firing, transferring, assigning, or supervising personnel; or
"(3) discharging duties imposed on a department or agency by statute, rule, or regulation insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or
"(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, lawenforcement officers' arresting or attempting to arrest persons; or
"(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.
"Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not [emphasis in original] be immune from civil liability in his or her personal capacity
"(1) when the Constitution or laws of the United States, or the Constitution of *914 this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
"(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."
792 So.2d at 405. Dr. Rizk's treatment of his patient, the plaintiff's decedent, does not fit within any of the categories of immune State-agent conduct contained in the Cranman restatement. Therefore, Dr. Rizk is not immune.
Accordingly, the trial court did not err in rejecting Dr. Rizk's claim of immunity in the summary-judgment proceedings. Thus, the petitioner is not entitled to a writ of mandamus directing the trial judge to enter summary judgment.
APPLICATION GRANTED; OPINION OF NOVEMBER 24, 1999, WITHDRAWN; OPINION SUBSTITUTED; WRIT DENIED.
HOOPER, C.J., and HOUSTON, LYONS, and ENGLAND, JJ., concur.
COOK and BROWN, JJ., concur in the result.
MADDOX and SEE, JJ., dissent.
COOK, Justice (concurring in the result).
I concur in the result. See my special writing concurring in the judgment in Ex Parte Cranman, 792 So.2d 392 (Ala.2000).
SEE, Justice (dissenting).
I dissent from the denial of the writ of mandamus. I would issue the writ directing the trial court to enter a summary judgment in favor of the defendant, Dr. Botros Rizk, on the ground that he is entitled to discretionary-function, or state-agent, immunity.
I dissent for the reasons stated in my dissent in Ex parte Cranman, 792 So.2d 392, 413 (Ala.2000) (substituted opinion on application for rehearing). I would apply to the facts of this case the following balancing test (this is the test stated in the withdrawn Cranman opinion of November 14, 1999):
"Except where the Constitution or laws of the United States or the Constitution, laws, regulations, or rules of this state enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or where the governmental agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law; a governmental agent is immune from civil liability where the conduct made the basis of the claim against the agent is based upon the agent's formulation of plans, policies, or designs, or where the agent otherwise makes decisions such as those made in the context of the following activities:
". . . .
"(6) all other instances where acts or decisions, including those concerning the safety, health, well-being, fitness, competence, development, or confinement of persons, cannot be challenged without imposing a burden arising from interference with a coequal branch of government that exceeds the benefit of the challenging party's right to a judicial remedy."
792 So.2d at 414-15 (See, J., dissenting and quoting from the withdrawn opinion). Dr. Rizk, in performing an emergency cesarean-section upon his patient Elouise Robinson and in providing her aftercare, *915 was engaged in discretionary functions. See Smith v. Arnold, 564 So.2d 873 (Ala. 1990); Smith v. King, 615 So.2d 69 (Ala. 1993). The Alabama Legislature established the University of South Alabama as "a state institution of higher learning" and authorized the governing body of the University, the board of trustees, in order "to carry into effect the [Legislature's] purposes," to "prescribe courses of instruction" and "[to] do whatever else they may consider in the best interest of the institution." Ala.Code 1975, §§ 16-55-1 and -4. In furtherance of its educational purpose, the University has created a college of medicine, and, in conjunction with the college of medicine, the University owns and operates the University of South Alabama Medical Center ("USAMC").[1] See id. § 16-55-3 (authorizing the board of trustees to hold and dispose of any real and personal property). The USAMC provides medical education and training to medical students and resident physicians. As a third-year resident physician employed by the University, Dr. Rizk was furthering the educational purpose of the University and its college of medicine when he provided medical care and treatment to Ms. Robinson.[2] The denial of state-agent's immunity to Dr. Rizk and other resident physicians at the University would hinder the educational purpose of the University by impeding the University's ability to attract, educate, and train medical students and resident physicians, and it would thereby lessen the availability of qualified physicians to provide medical care and treatment to the citizens of the State of Alabama. Therefore, "because [Dr. Rizk was] exercising a discretionary function and because it does not appear in this case that the burden on the plaintiff significantly outweighs the benefits of applying State-agent immunity to [Dr. Rizk], the balance of the § 13 and § 14 policies, in light of § 43, favors the application of discretionary-function immunity to [Dr. Rizk] in the performance of [his] University-related health-care responsibilities." Ex parte Cranman, 792 So.2d at 417 (on application for rehearing) (See, J., dissenting). I therefore dissent from the denial of the writ of mandamus.
MADDOX, J., concurs.
NOTES
[1] In Sarradett v. University of South Alabama, 484 So.2d 426, 427 (Ala.1986), this Court held that in operating the USAMC the University is performing a governmental function, and, thus, that the USAMC is a state entity immune from suit under Ala. Const. of 1901, art. I, § 14.
[2] This Court has held that state-employed physicians engage in discretionary functions in making health-care decisions. See, e.g., Smith v. Arnold, 564 So.2d 873 (Ala.1990). Although this factor alone is not determinative, it does favor the application of Stateagent's immunity. See this Court's June 16, 2000, opinion in Ex parte Cranman, 792 So.2d at 413 (See, J., dissenting).