WOODALL, Justice.
 

 Frankye Underwood appeals from a judgment entered in favor of Alabama State University (“ASU”); Elton Dean, in his capacity as chair of the Board of Trustees of ASU; and Oscar Crowley, Taylor Hodge, Buford Crutcher, Marvin Wiggins, and Herbert Young, in their capacities as members of the Board of Trustees of ASU. We dismiss ASU as a defendant, and we affirm the trial court’s judgment as to the remaining defendants (hereinafter referred to collectively as “the Board”).
 

 This Court recently stated:
 

 “Article I, § 14, Alabama Constitution of 1901, provides ‘[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.’ ‘This Court has extended the restriction on suits against the State found in § 14 “to the state’s institutions of higher learning” and has held those institutions absolutely immune from suit as agencies of the State.’
 
 Ex parte Troy Univ.,
 
 961 So.2d 105, 109 (Ala.2006). Thus, [Jacksonville State] University ‘is an instrumentality of the State of Alabama, and is therefore immune from suit.’ ”
 

 Ex parte Jacksonville State Univ.,
 
 40 So.3d 672, 674 (Ala.2009) (quoting
 
 Ellison v. Abbott,
 
 337 So.2d 756, 757 (Ala.1976)). ASU, like Jacksonville State University, is an instrumentality of the State of Alabama and is therefore immune from suit. Thus, we must dismiss ASU as a defendant.
 

 Facts and Procedural History
 

 On May 9, 2008, the Board held the second of its three mandatory “regular meetings” scheduled for 2008.
 
 [1]
 
 At the close of the May 9 meeting, the Board agreed to “recess the meeting until a future date to reconvene at the call of the Chair.” On May 22, 2008, pursuant to § 36-25A-3(2), Ala.Code 1975, a part of the Alabama Open Meetings Act, § 36-25A-1
 
 et seq.,
 
 Ala.Code 1975, the Board posted on the Secretary of State’s Web site a notice that a “regular” meeting of the Board would be held on May 30, 2008. The notice provided a preliminary agenda that included the following items: “(1) Call to Order; (2) Invocation; (3) Adoption of Agenda; (4) Adoption of Minutes; (5) Committee Reports; (6)
 
 New Business;
 
 and (7) Adjournment.” (Emphasis added.)
 

 Dean testified that Young told him shortly before the May 30 meeting was called to order that he had a resolution to introduce. The agenda handed out at that meeting included an item for “Other Business,” and Dean told Young to wait until the “Other Business” portion of the meeting to present his resolution. Dean testified that, during the part of the meeting at which “Other Business” was discussed, Young presented a resolution proposing that the name of Joe L. Reed, a trustee, be removed from the ASU Acadome, a multipurpose academic and physical-education facility, named the “Joe L. Reed Acadome” (hereinafter referred to as “the resolution”). The resolution passed by a
 
 *1012
 
 majority vote of the Board members in attendance. Reed’s name was subsequently removed from the Acadome.
 

 On June 20, 2008, Underwood filed a complaint, pursuant to § S6-25A-9(a), Ala. Code 1975,
 
 [2]
 
 seeking declaratory and in-junctive relief. Underwood alleged (1) that the Board had violated “the [Alabama] Open Meetings Act by failing or refusing to provide proper notice [of the May 30 meeting] as required by law”; and (2) that the Board had “failed or refused to follow their own established policy for conduct of [Board] meetings,” and that “[a]s a result of the defendants’ actions or inac-tions ... [Underwood] is entitled by law to entry of [an] order declaring null and void the contested actions of May 30.” More specifically, she sought to invalidate the resolution.
 

 As required by § 36-25A-9(a), the trial court scheduled a preliminary hearing and allowed the parties to conduct discovery before the hearing. The Board took Un-deiwood’s deposition, and the defendants answered interrogatories propounded by Undeiwood.
 

 At the preliminary hearing, Dean testified that he had prepared the final agenda for the May 30 meeting and that he had no knowledge of the resolution until Young introduced it during that meeting. Dean also testified that it had been the longstanding practice of the Board to close meetings by recessing to reconvene at the call of the chair.
 

 At the healing, Young testified that he drafted the resolution and that he had delivered a rough draft to ASU’s legal counsel. He testified that ASU’s legal counsel returned a clean copy to him either the night befoi-e or the morning of the May 30 meeting. Young testified that he did not discuss the resolution with Dean or with the president of ASU before he introduced the resolution at the May 30 meeting.
 

 On July 29, 2009, the trial court entered a judgment in favor of the Board and ASU. The trial court concluded:
 

 “No evidence has been presented that the Alabama Open Meetings [Act] was violated. Likewise, any failure to abide by the by-laws appears technical in nature and courts are traditionally reluctant to abrogate actions due to failures to abide by by-laws. 59 Am.Jur.2d
 
 Parliamentary Law
 
 § 4. That is not to say that this Court agrees with the Boax*d’s decision or approves of the way the resolution was handled. The Court’s sense is that the resolution was intended to, and did, catch Dr. Reed unaware. Perhaps unfortunately, Alabama law allows issues not in the formal agenda to be raised and voted upon. However distasteful this tactic may have been in this particular instance, there is no substantial evidence that any laws were broken.”
 

 Underwood appeals.
 

 Issues
 

 Underwood raises two issues to be addressed on appeal: (1) whether the Board violated the Alabama Open Meetings Act, § 36-25A-1
 
 et seq.,
 
 Ala.Code 1975 (“the Act”), by failing to abide by the Board’s adopted rales of parliamentary procedure in holding the May 30 meeting; and (2) whether the Board violated the Act by voting on a resolution that was not on the preliminary agenda published with the notice of that meeting.
 

 
 *1013
 

 Standard of Review
 

 “ ‘ “In reviewing a trial court’s findings of fact based on ore tenus evidence, this Court presumes those findings to be correct.”
 
 Hensley v. Poole,
 
 910 So.2d 96, 100 (Ala.2005). “Nevertheless, this principle is not applicable where the evidence is undisputed, or where the material facts are established by the undisputed evidence.”
 
 Salter v. Hamiter,
 
 887 So.2d 230, 234 (Ala.2004).... Furthermore, “on appeal, the ruling on a question of law carries no presumption of correctness, and this Court’s review is de novo.” ’ ”
 

 LPP Mortgage, Ltd. v. Boutwell,
 
 36 So.3d 497, 500 (Ala.2009) (quoting
 
 Lucky Jacks Entm’t Ctr., LLC v. Jopat Bldg. Corp.,
 
 32 So.3d 565, 568 (Ala.2009), (quoting in turn
 
 Ex parte Graham,
 
 702 So.2d 1215, 1221 (Ala.1997)).
 

 Analysis
 

 Underwood first argues that the Board “violated the ... Act by failing to abide by [its] adopted parliamentary rules.” Underwood’s brief, at 11. Section 36-25A-5(a), Ala.Code 1975, provides: “Unless otherwise provided by law, meetings shall be conducted pursuant to the governing body’s adopted rules of parliamentary procedure not in conflict with laws applicable to the governmental body.” The Board, through its bylaws, adopted “Robert’s Rules of Order, as modified by the provisions of the[ ] Bylaws, [to] govern the conduct of business of the Board.”
 

 According to Underwood,
 
 Robert’s Rules of Order
 
 allow the Board to adjourn a meeting to the call of the chair only “in order to continue a regular meeting that is in progress and has outstanding items of business at the time of the adjournment; the next meeting (‘the adjourned meeting’) would be an extension of the initial regular meeting ... with a shared agenda such that the adjourned meeting merely continues the business of the regular meeting on a different day.” Underwood’s brief, at 17. Underwood argues that the May 30 meeting could not be a continuation of the May 9 meeting, because “all business had been concluded on May 9, and the May 30 meeting had an entirely new and different agenda.”
 
 Id.
 
 at 17-18. Therefore, she argues, the Board’s “attempt to ‘extend’ the May 9 meeting” by recessing to reconvene at the call of the chair violated
 
 Robert’s Rules of Order. Id.
 
 at 18.
 

 Article III, Section 1, of the Board’s bylaws provides that “Robert’s Rules of Order,
 
 as modified by the provisions of [the Board’s] Bylaws,
 
 shall govern the conduct of business of the Board.” (Emphasis added.) Article III, Section 2, of the bylaws provides that “[u]nless otherwise provided by a majority vote of the Board, each adjournment of a regular meeting shall be to a date set by the Chair for the next regular meeting.” Dean testified at the preliminary hearing that it was the custom of the Board to adjourn its regular meetings to reconvene at the call of the chair, and Underwood acknowledged in her deposition that this was the “common practice” of the Board. Article III, Section 2, of the bylaws gives the Board broad authority to set another regular meeting, and nothing in the language of that provision suggests that another regular meeting is possible only if some business at a mandatory regular meeting is unresolved.
 

 In
 
 Dunn v. Alabama State University Board of Trustees,
 
 628 So.2d 519, 527 (Ala.1993), overruled on other grounds,
 
 Watkins v. Board of Trustees of Alabama State University,
 
 703 So.2d 335 (Ala.1997), we stated:
 

 “ ‘Section 16-50-26 gives the Board discretion in setting more meetings than the two (2) minimum meetings mandated in the statute[
 
 3
 
 ] The only requirement
 
 *1014
 
 is that the Board, “in regular session, determine [to meet] at some other time and place.” The court finds that the Board, in its regular meetings, has consistently voted to recess or adjourn at the call of the Chairman. A majority of Board members have agreed to this practice, and it does not violate [§ 16-50-26] which gives the Board members the right to meet as often as they desire.’ ”
 

 (Quoting with approval the trial court’s order.)
 
 [4]
 

 It is undisputed that a majority of the Board members in attendance at the May 9 regular meeting voted to adjourn to “reconvene at the call of the chair.” Dean, in his capacity as the chair of the Board, then scheduled another regular meeting for May 30. The trial court is correct that “[t]his practice was condoned in
 
 Dunn.”
 
 The practice is consistent with the Board’s bylaws and is the long-standing custom and practice of the Board. Therefore, Underwood has failed to demonstrate that the Board violated its own policies and procedures or the Act in holding a meeting on May 30.
 

 Underwood next argues that the Board violated the Act by “vot[ing] on a matter not otherwise on the agenda for the May 30 meeting.” Underwood’s brief, at 27. The trial court concluded that, “[w]hile some states bar consideration of items not delineated in an agenda, Alabama law and ASU’s bylaws allow consid
 
 *1015
 
 eration of issues not on the agenda.” We agree.
 

 Section 36-25A-3(c), Ala.Code 1975, provides:
 

 “Posted notice pursuant to this section shall include the time, date, and place of meeting. If a preliminary agenda is created, it shall be posted as soon as practicable in the same location or manner as the notice given pursuant to this section.
 
 A governmental body may discuss at a meeting additional matters not included in the preliminary agenda.
 
 If a preliminary agenda is not available, the posted notice shall include a general description of the nature and purpose of the meeting.”
 

 (Emphasis added.) The Board’s bylaws provide:
 

 “The Chairman of the Board and the President of the University shall prepare, in writing, the agenda for all meetings .... The agenda shall be approved by the Chairman of the Board.
 
 A majority of the members present may alter or modify the agenda. No business other than that on the approved agenda shall be transacted, except by majority vote of members present.”
 

 (Emphasis added.)
 

 It is undisputed that the resolution was not included in the preliminary agenda. However, the actual agenda for the May 30 meeting included a time for “Other Business” to be addressed, and a majority of the Board members present at the meeting considered and voted on the resolution. Therefore, we agree with the trial court that, “[wjhile the minutes do not reflect an actual vote to amend the agenda, in effect the agenda was modified since a majority of the trustees present approved the resolution.”
 

 Underwood argues that § 36-25A-3(e) allows “discussion” of matters not included on the preliminary agenda, but does not allow such items to be put to a vote. She argues that “[a] separate section of the Open Meetings Act deals with ‘Rules of parliamentary procedure; voting.’” Underwood’s brief, at 27-28 (citing § 36-25A-5(b), AIa.Code 1975). However, nothing in § 36-25A-5(b) prohibits the Board from voting on a matter not included on the preliminary agenda. Section 36-25A-5(b) provides, in pertinent part:
 

 “Unless otherwise permitted by this chapter or directed by provisions in the Constitution of Alabama of 1901, or other existing state law applicable to the governmental body, all votes on matters before a governmental body ... shall be made during the open or public portion of a meeting for which notice has been provided pursuant to this chapter.”
 

 It is undisputed that the Board voted on the resolution during the open and public portion of the May 30 meeting, and the record indicates that notice of the meeting was provided pursuant to § 36-25A-3, Ala. Code 1975.
 
 [5]
 
 Therefore, Underwood has
 
 *1016
 
 not demonstrated that the Board violated the Act in voting on the resolution at its May 30 meeting.
 

 Conclusion
 

 Because ASU is an instrumentality of the State and therefore immune from suit, ASU is dismissed as a defendant. Underwood has not demonstrated that the Board violated the Act by failing to follow its own policies and procedures or by voting on a matter not included in the preliminary agenda. Therefore, we affirm the trial court’s judgment in favor of the Board.
 

 ASU DISMISSED AS A DEFENDANT; AFFIRMED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . Article III, Section 2, of the Board's bylaws provides:
 

 "Regular meetings of the Board shall be held in lieu of those set by Alabama Code 1975, Section 16-5[0]-26, in the month of February during Founder’s Day Week, in the month of May during Commencement Week, and during the month of September. Unless otherwise provided by a majority vote of the Board, each adjournment of a regular meeting shall be to a date set by the Chair for the next regular meeting.”
 

 [2]
 

 . Section 36-25A-9(a) provides, in pertinent part:
 

 "Enforcement of [the Alabama Open Meetings Act] may be sought by civil action brought in the county where the governmental body’s primary office is located by any media organization, any Alabama citizen, the Attorney General, or the district attorney for the circuit in which the governmental body is located...."
 

 [3]
 

 . Section 16-50-26, Ala.Code 1975, applicable to ASU, provides, in pertinent part:
 

 
 *1014
 
 ‘‘The board shall hold regular meetings on the first Thursdays in May and November at the university unless the board shall, in regular session, determine to hold its meetings at some other time and place. The regular May meeting shall be the regular annual meeting.”
 

 Article III, Section 2, of the Board’s bylaws provides for regular meetings to "be held in lieu of those set by” this Code section.
 

 [4]
 

 . The trial court relied on
 
 Dunn
 
 in concluding that the Board had acted lawfully. Underwood argues that the trial court erred in doing so, because (1)
 
 "Dunn
 
 predates the Open Meetings Act and the subsequent adoption by the [Board] of Robert’s Rules [of Order] pursuant to the Act," Underwood’s brief, at 22; and (2) "[l]he practice allowed by
 
 Dunn
 
 was to adjourn to the call of the chair to a date/time certain,” not to recess or adjourn until "some uncertain point in the future.” Underwood’s brief, at 24. We disagree.
 

 The fact that
 
 Dunn
 
 was decided before the enactment of the Act and the Board's adoption of
 
 Robert's Rules of Order
 
 does not render this Court’s decision in
 
 Dunn
 
 inapposite. In
 
 Dunn,
 
 the Court held that § 16-50-26 allows the Board to adjourn to the call of the chair and gives the Board the right " ‘to meet as often as [it] desire[s].’ " 628 So.2d at 527 (quoting with approval the trial court’s order). Nothing in the Act conflicts with that holding. The Act simply requires that the Board abide by its accepted parliamentary procedures. As discussed previously, the Board adopted
 
 Robert’s Rules of Order
 
 "as modified” by the Board's bylaws, and the bylaws permit meetings to be adjourned to the call the chair.
 

 Moreover, nothing in
 
 Dunn
 
 indicates that its holding is limited to instances in which the Board adjourns to reconvene at a specific date or time. Underwood relies on the following language from
 
 Dunn
 
 to support her argument:
 

 " 'There are four (4) types of meetings of the ASU Board: (1) those on the dates established by statute (which are to be used if the Board has not otherwise provided); (2) those on dates established by the Board for recurrent meetings, such as a meeting on the Founders' Day Weekend; (3)
 
 those set ad hoc by the Board, such as “adjourn to May 1,"
 
 ... (4) meetings called by the Governor.' ”
 

 628 So.2d at 527 (quoting with approval the trial court’s order; emphasis added). Although the Court used, as an example of an ad hoc meeting, one adjourned to a specific date, there is no indication in
 
 Dunn
 
 that the Court intended for this example to narrow its holding to such a circumstance. Therefore, we disagree with Underwood that ”[t]he practice allowed by
 
 Dunn
 
 was to adjourn to the call of the chair to a date/time certain.” Underwood's brief, at 24.
 

 [5]
 

 . Section 36-25A-3 provides, in pertinent part:
 

 "(a) Unless otherwise specified by law and as provided herein, any governmental body subject to this chapter ... shall post notice of all meetings ... at least seven calendar days prior to the meeting as follows:
 

 [[Image here]]
 

 "(2)
 
 Any governmental body with statewide jurisdiction shall submit notice of its meeting to the Secretary of State. The Secretary of State shall post the notice on the Internet for at least seven calendar days prior to the day of the meeting. ... Any governmental body with less than statewide jurisdiction may also submit notice to the Secretary of State for posting on the website. Nothing shall prevent a governmental body subject to this subsection from posting notice in any additional manner.
 

 [[Image here]]
 

 "(c) Posted notice pursuant to this section shall include the time, date, and place of meeting. If a preliminary agenda is created, it shall be posted as soon as practica
 
 *1016
 
 ble in the same location or manner as the notice given pursuant to this section....”
 

 Underwood does not dispute that the Board posted notice of the time, date, and location of the May 30 meeting on the Secretary of State’s Web site at least seven days before the meeting.