The plaintiff Jerry Moore appeals a summary judgment in favor of the defendant Clyde Crocker, a police officer of the City of Brent, located in Bibb County. Moore sued Crocker and others for torts allegedly committed in arresting Moore without a warrant at Moore's home in Marion in Perry County, transporting him to Brent, and jailing him there overnight without charging him. Moore asserted, among other theories, assault and false imprisonment. Crocker asserted, among other defenses, peace officers' immunity pursuant to § 6-5-338, Ala. Code 1975. We reverse and remand.
The order by the trial court states the operative facts and reveals the dispositive issue:
 "This matter is before the Court on the motion for summary judgment of the Defendant, Clyde Crocker. The other Defendants have been dismissed by prior order of this Court.
 "The undisputed facts relevant to this motion are that Officer Clyde Crocker at the time of the events complained of was employed as a police officer by the City of Brent located in Bibb County, Alabama. Acting on instructions from his Chief of Police, Officer Crocker and Officer Stewart Deerman, also of the Brent Police Department, proceeded to Marion in Perry County to the home of the Plaintiff, Jerry Moore. Crocker had been directed by the Brent Chief of Police to arrest Moore and bring him back to Brent for questioning regarding items that had been reported stolen from a residence in Brent, Alabama. He was acting on information given to *Page 90 
him by Sharon Jones, whose mother was living with Mr. Moore, the Plaintiff.
 "Crocker and Deerman went to Moore's house and told him why they were there. Crocker searched Moore's house but did not find any of the items. He then handcuffed Mr. Moore and transported him to the City of Brent and turned him over to the Chief of Police. Mr. Moore was placed in jail by another officer and released the next day without ever having been charged. He contends that these actions by Crocker amounted to false imprisonment/arrest and an assault and battery.
 "Crocker contends that he is entitled to discretionary function immunity pursuant to Section 6-5-338[, Ala. Code 1975.] That Code section provides that every `peace officer . . . shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.' Alabama caselaw has established that discretionary function immunity shields police officers who make an arrest based on probable cause even if the person arrested is ultimately acquitted. [Moore] contends, however, that Crocker did not have the authority to arrest Moore because he had no warrant and because he was outside his jurisdiction. Prior to the [adoption] of Rule 3.3 of the Alabama Rules of Criminal Procedure, Section 15-10-1[, Ala. Code 1975], controlled and stated that an arrest may only be made with or without a warrant by officers acting within their respective jurisdiction. The Alabama Court of Criminal Appeals has held in Smith v. State, 727 So.2d 147
(Ala.Crim.App. 1998), that Rule 3.3 supersedes Section 15-10-1. That rule provides that any law enforcement officer within the State of Alabama may execute a warrant anywhere within the State of Alabama. In Smith, the Court ruled that an officer who has probable cause to arrest may do so anywhere within the State of Alabama pursuant to Rule 3.3. Because it appears that it is undisputed that the Brent Police Officers had probable cause to arrest Mr. Moore based upon the statements of the witness, Crocker was authorized to arrest him.
 "Accordingly, the Court finds that Crocker is entitled to discretionary function immunity and his motion for summary judgment is due to be granted. The Court hereby grants [Crocker's] motion for summary judgment and enters judgment in his favor."
The place of the arrest, Marion in Perry County, is over 20 miles from the City of Brent in Bibb County, and is outside the police jurisdiction of the City of Brent, which employed Crocker as a police officer.
Section 6-5-338, Ala. Code 1975, invoked by Crocker, provides in pertinent part:
 "(a) Every peace officer . . . shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties."
This statute, by its terms, extends state-agent immunity to peace officers performing discretionary functions within the line and scope of their law-enforcement duties. Our plurality decision of Ex parteCranman, 792 So.2d 392 (Ala. 2000), adopted by a majority of this Court in Ex parte Butts, 775 So.2d 173 (Ala. 2000), and Ex parte Rizk,791 So.2d 911 (Ala. 2000), restated the law of state-agent immunity in Alabama. Cranman reads, in pertinent part: *Page 91 
"IV. Restatement of the Rule Governing State-agent Immunity
 "We therefore restate the rule governing State-agent immunity:
 "A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
". . . .
 "(4) exercising judgment in the enforcement of the criminal laws of the State, including but not limited to, law-enforcement officers' arresting or attempting to arrest persons. . . .
". . . .
 "Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
". . . .
 "(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."
Ex parte Cranman, 792 So.2d at 405 (emphasis in paragraphs (4) and (2) added; other emphasis original). In Newton v. Town of Columbia,695 So.2d 1213, 1217 (Ala.Civ.App. 1997), our Court of Civil Appeals aptly held:
 "[I]f the location of the incident made the basis of Ms. Newton's complaint was indeed outside the police jurisdiction of the town, as she has affirmed in her affidavit, Armstrong may not assert any privilege that might otherwise inure to him in his role as a police officer. `[A]n officer may not claim justification for an assault where he exceeds the authority given him in the particular case.' 6A C.J.S. Assault Battery
§ 27."
Section 15-10-1, Ala. Code 1975, restricts a police officer's authority to arrest to the limits of the county containing the city or town which employs the police officer:
 "An arrest may be made, under a warrant or without a warrant, by any . . . policeman of any incorporated city or town within the limits of the county." (Emphasis added.)
Crocker cannot rely on Rule 3.3, Ala.R.Crim.P., for his authority to arrest Moore without a warrant outside the limits of Bibb County, where the City of Brent is located. Rule 3.3 reads:
 "(a) By Whom. The arrest warrant shall be directed to and may be executed by any law enforcement officer within the State of Alabama.
 "(b) Manner of Execution. An arrest warrant shall be executed by arrest of the defendant.
 "(c) Return. The law enforcement officer executing an arrest warrant shall endorse thereon the manner and date of execution, shall subscribe his name, and shall return the arrest warrant to the clerk of the court specified in the arrest warrant."
First, Rule 3.3 governs only the execution and return of arrest warrants. Crocker does not claim that he had any arrest warrant or search warrant. Second, in Ex parte Borden, 769 So.2d 950 (Ala. 2000), this Court held that Rule 3.3 does not eliminate statutory jurisdictional restrictions on a law-enforcement officer's authority to arrest. Borden
explains:
 "The phrase `within the State of Alabama' merely completes the description of the category of persons who may obtain and execute arrest warrants, to include all law enforcement officers within that category. The Committee Comment to Rule 3.3 so indicates:
 "`The rules provide a functional definition of "law enforcement officer." *Page 92 
Under the definition contained in Rule 1.4(p), anyone who serves as an officer, employee, or agent of the State of Alabama who has a legal duty to maintain order and to make arrests (whether in a general or limited capacity) will be considered a "law enforcement officer" and will be able to execute arrest warrants.'
 "We conclude that the phrase `within the State of Alabama' does not address the question where arrest warrants may be executed, but only the question who
may obtain and execute them. The statutory restrictions on where arrest warrants, once issued, may be executed remain binding, to protect the public from impostors and to prevent the unexplained disappearance of people from the county.
 "Section 15-10-10, which the officers violated in this case, is a public safety statute. It allows a judge or magistrate in a particular county to pass on the validity of an arrest warrant issued elsewhere and to pass on the identity and authority of the person who proposes to execute the warrant before that person may take someone there into custody and away from the county. Nothing in this statute conflicts with Rule 3.3(a), Ala.R.Crim.P., so as to imply that Rule 3.3(a) supersedes or preempts the statute."
769 So.2d at 959 (final emphasis, except emphasis on "where," added; emphasis on "where" and other emphasis original). This reasoning applies with equal if not greater force to warrantless arrests, like the one we are considering in this case before us, which are governed by § 15-10-1.
Crocker cites Smith v. State, 727 So.2d 147 (Ala.Crim.App. 1998), for the proposition that Rule 3.3 supersedes § 15-10-1 and authorizes any law-enforcement officer within the State of Alabama to execute a warrant anywhere within the State of Alabama. In Borden, we observed that Smith
was "based on a mistakenly expansive reading of Rule 3.3(a), Ala.R.Crim.P." 769 So.2d at 959.
Crocker's arresting Moore outside the county containing the city employing Crocker exceeded his authority and therefore forecloses his claim of peace officer immunity under § 6-5-338. Therefore, the trial court erred to reversal in granting Crocker's motion for a summary judgment.
REVERSED AND REMANDED.
Moore, C.J., and Houston, Lyons, Brown, Harwood, and Woodall, JJ., concur.
See and Stuart, JJ., concur in the result.