[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 302 
Benjamin Hollis and Diane Hollis appeal from an order of the Jefferson Circuit Court granting a motion filed by the City of Brighton ("the City") for a summary judgment on the Hollises' vicarious-liability claim against it based on the actions of a police officer for the City. We affirm.
 I. Factual and Procedural History
Police Officer Derwin Davis was on patrol at 1:56 a.m. on December 2, 1999, when he saw flames at a house at 4010 Keyes Avenue in Brighton. After notifying the fire department, Officer Davis entered the house and woke the occupants, Benjamin Hollis and Diane Hollis and their two sons, who had not been awakened by the smoke alarm. Officer Davis told the Hollis family to leave the house and wait outside for the arrival of the fire department. Mr. Hollis initially resisted Officer Davis's directive and attempted to extinguish the fire, which had started in the master bedroom, with a blanket. In so doing, he sustained second-degree burns that required hospital treatment and surgery, and he was out of work for approximately one month.
Although he finally followed Officer Davis's command to leave the house, Mr. Hollis continued to plead for permission to reenter the house to try and extinguish the fire. Officer Davis refused to permit Mr. Hollis to reenter the house, and the Hollises and Officer Davis remained outside. The fire department arrived about 45 minutes after they had left the house. Because of the delay, the house and its contents were totally destroyed. The following day, Mr. Hollis expressed his gratitude to Officer Davis for saving the lives of his family.
On May 22, 2000, the Hollises sued the City, alleging that the negligent, careless, and unskillful acts of the fire department in responding to the fire and the negligence or wantonness of Officer Davis in not allowing Mr. Hollis to reenter the house caused them to suffer damage. Mr. Hollis claimed that the fire initially involved only the curtains on the window in his bedroom and that the fire in the house could easily have been extinguished had *Page 303 
Officer Davis permitted him to remain in or to reenter the house.
The City moved for a summary judgment based on State-agent immunity. The trial court granted the motion on April 16, 2001. The Hollises appealed, and this Court affirmed the summary judgment as to all claims except the claim for vicarious liability based on the alleged actions of Officer Davis; as to that claim, we reversed and remanded, stating:
 "We notice a difference between certain critical language in the statute, § 6-5-338(a), [Ala. Code 1975,] and certain critical language in the [Ex parte] Cranman [792 So.2d 392
(Ala. 2000),] restatement describing the conduct immunized. That is, the statute refers to `conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties' while immune category (4) of the [Ex parte] Cranman restatement refers to conduct `exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons.' In the particular case now before us, we need not decide whether or how the difference between the language of the statute and the language of the Cranman restatement affects the scope of the immunity, since the record does not establish without dispute or as a matter of law that the act of the policeman in ordering the plaintiffs not to reenter the burning house to fight the fire fits within either description of immune conduct. Nor does the record establish without dispute or as a matter of law that the act of the policeman fits within any of the other Cranman categories of immune conduct. Thus, we cannot rely on the § 6-5-338(a) immunity, as described by either the statute itself or the Cranman restatement, to affirm the summary judgment on the plaintiffs' claim for vicarious liability for the act of the policeman. See Ex parte Rizk, 791 So.2d [911] at 914
[(Ala. 2000)]:
 "`Dr. Rizk's treatment of his patient, the plaintiff's decedent, does not fit within any of the categories of immune State-agent conduct contained in the Cranman restatement. Therefore, Dr. Rizk is not immune.'
 "The policeman may or may not have been negligent in ordering the plaintiffs not to reenter the burning house to fight the fire. Thus, the City may or may not be liable for his conduct. That issue is not before us because the summary-judgment motion of the City did not raise the factual merits of the plaintiffs' claims. See Liberty National
[Life Ins. Co. v. University of Alabama Health Servs., 881 So.2d 1013 (Ala. 2003),] and Tanner [v. State Farm Fire Cos. Co., 874 So.2d 1058 (Ala. 2003)]. Accordingly, while we must reverse the summary judgment on this claim, we express no opinion about the factual merits."
Hollis v. City of Brighton, 885 So.2d 135, 143-44
(Ala. 2004) ("Hollis I"). On remand, the City filed a new motion for a summary judgment, asserting that Officer Davis was entitled to immunity under the fourth category of the restated rule governing State-agent immunity set out in Exparte Cranman, 792 So.2d 392, 405 (Ala. 2000), and under §§ 6-5-338(a) and 13A-10-6, Ala. Code 1975. The trial court entered a summary judgment for the City on the vicarious-liability claim, and the Hollises appeal.
 II. Standard of Review "`We review a summary judgment de novo.' Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala. 2002) (citation omitted). `Summary judgment is appropriate only when "there is no *Page 304 
genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."' Ex parte Rizk, 791 So.2d 911, 912
(Ala. 2000) (citations omitted).
 "`In determining whether the nonmovant has created a genuine issue of material fact, we apply the "substantial-evidence rule" — evidence, to create a genuine issue of material fact, must be "substantial." § 12-21-12(a), Ala. Code 1975. "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).'
 "Callens v. Jefferson County Nursing Home, 769 So.2d 273, 278-79 (Ala. 2000) (footnote omitted). In deciding a motion for a summary judgment, or in reviewing a summary judgment, the court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party. Bruce v. Cole, 854 So.2d 47 (Ala. 2003), and Pitney Bowes, Inc. v. Berney Office Solutions, 823 So.2d 659 (Ala. 2001). See Ex parte Helms, 873 So.2d 1139, 1143 (Ala. 2003), and Willis v. Parker, 814 So.2d 857 (Ala. 2001)."
Hollis I, 885 So.2d at 140.
 III. Legal Analysis
The issue the Hollises present on this appeal is whether the trial court erred in granting the City's motion for a summary judgment on the basis that the City was immune from liability for the actions of Officer Davis. The Hollises seek a jury trial to determine whether Officer Davis acted negligently in ordering the Hollises to leave the house when Mr. Hollis believed he could extinguish the fire.
The trial court granted the City's motion for a summary judgment by making the following entry on the case-action-summary sheet:
 "The Court received argument on July 20, 2004 on the Summary Judgment and finds there to be no issue of fact that is in dispute and that [the City] is entitled to a judgment as a matter of law. Summary Judgment granted for the [City]. Costs taxed as paid."
As noted earlier, this Court stated in Hollis I:
 "[T]he record does not establish without dispute or as a matter of law that the act of the policeman in ordering the [Hollises] not to reenter the burning house to fight the fire fits within either
description of immune conduct. Nor does the record establish without dispute or as a matter of law that the act of the policeman fits within any of the other Cranman categories of immune conduct. Thus, we cannot rely on the § 6-5-338(a) immunity, as described by either the statute itself or the Cranman restatement, to affirm the summary judgment on the [Hollises'] claim for vicarious liability for the act of the policeman. . . .
 "`. . . .'
 "The policeman may or may not have been negligent in ordering the [Hollises] not to reenter the burning house to fight the fire. Thus, the City may or may not be liable for his conduct. That issue is not before us because the summary-judgment motion of the City did not raise the factual merits of the [Hollises'] claims. See Liberty National and Tanner, supra. Accordingly, [although] we must reverse the summary judgment on this claim, we express no opinion about the factual merits." *Page 305 
885 So.2d at 144. In summary, this Court in Hollis I
said (1) that the record did not establish immunity as a matter of law, either under Ex parte Cranman, supra, or under § 6-5-338(a) (the peace-officer-immunity statute) and (2) that the factual merits of the Hollises' negligence claim were not raised in their motion for a summary judgment.
A finding of immunity, however, precludes a claim based in negligence.
 "Peace-officer immunity, like State-agent immunity,[2] does not provide immunity from liability for the commission of an intentional tort, but only for negligence in the exercise of judgment. See Ex parte Turner, 840 So.2d 132, 136 (Ala. 2002)(`"a State agent shall not be immune from civil liability in his or her personal capacity . . . (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."' (quoting Ex parte Cranman, 792 So.2d 392, 405 (Ala. 2000))).
 "2 The test for State-agent immunity, as discussed in Ex parte Cranman, 792 So.2d 392 (Ala. 2000), and adopted by a majority of this Court in Ex parte Butts, withholds immunity from State agents acting in their personal capacity, `"when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."' Ex parte Butts, 775 So.2d 173, 178
(Ala. 2000) (quoting Cranman, 792 So.2d at 405)."
Gary v. Crouch, 867 So.2d 310, 313-14 (Ala. 2003).See also City of Birmingham v. Sutherland,834 So.2d 755, 762 (Ala. 2002). On the other hand, the Cranman
restatement makes it clear that State-agent immunity does not cover a State-agent's acts of willfulness or maliciousness:
 "Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
 ". . . .
 "(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."
Cranman, 792 So.2d at 405.
Here, the Hollises, in response to the City's summary-judgment motion, did not assert the existence of a genuine issue of material fact. They stated:
 "[The Hollises] generally agree with the statement of facts provided by the [City] except in addition thereto requests the court consider the testimony of Ben Hollis attached hereto pursuant to which he stated that at the time the City of Brighton Police Officer ordered his wife and him out of the house that the fire in the bedroom involved only the curtains and could have been extinguished. According to Mr. Hollis, the police officer prohibited Mr. Hollis from further attempting to extinguish the fire. It is this unreasonable, negligent, and/or unskillful act which is the basis of [the Hollises'] claim against the city based on the negligence and/or unskillfulness of its police officer."
The focus of the Hollises' argument was that "[t]he issue to be tried, as stated by the Supreme Court [in HollisI], is factually whether or not the police officer's order of the [Hollises] to abandon their house and in [his] refusal to allow them to fight the fire wasunreasonable." (Emphasis in original.) However, if State-agent immunity exists here as a matter of law, no such factual issue will be reached. *Page 306 
The City's reply to the Hollises' response points this out:
 "[The Hollises] misinterpret the Supreme Court's decision [in Hollis I] in [their] response to [the City's] Motion for Summary Judgment. The Supreme Court did not ask the factual question whether or not the police officer's order to the [Hollises] to evacuate their house was `reasonable.' The Court simply stated that `the record does not establish without dispute or as a matter of law that the act of the policeman in ordering the [Hollises] not to reenter the burning house to fight the fire was within either [6-5-338(a) or Cranman's] description of immune conduct.' [The City] shows that Police Officer Davis'[s] conduct fits within either description.
 "`Reasonableness' is not the standard by which discretionary immunity is reviewed. The standard to be applied is not a `reasonable' one, but, rather, whether the defendant acted in bad faith or with malice or willfulness. Ex parte Davis, 721 So.2d 685 (Ala. 1998). To determine whether a public official is entitled to discretionary function immunity, the court applies a two-prong test. First, the defendant officer must prove that the `plaintiff's claims arise from the defendant's performance of a discretionary function.' Id. at 689. Once the defendant officer satisfies this first prong, `the burden then shifts to the plaintiff to establish that the defendant acted in bad faith or with malice or willfulness, in order to deny the defendant discretionary immunity from suit.' Id.
 "In its brief in support of summary judgment, [the City] meets this burden by showing that its conduct falls within either immunity category. Therefore, the burden shifts, and the [Hollises] must prove that the [City] acted in bad faith or with malice or willfulness. [The Hollises] have simply failed to prove this. . . ."
In its motion for a summary judgment on remand from this Court, the City argued that Officer Davis was immune under § 6-5-338(a), Ala. Code 1975, because he fit within immune category (4) of the Cranman restatement. That Code section provides that every peace officer "shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." § 6-5-338(a). The City argued that Officer Davis fit within category (4) ofCranman based on § 13A-10-6, Ala. Code 1975, which provides:
 "(a) A person commits the crime of refusing to assist in fire control if, upon command by a fireman or peace officer identified to him as such, he intentionally disobeys a reasonable order or regulation made in the relation to the conduct of persons in the vicinity of a fire.
 "(b) Refusing to assist in fire control is a Class C misdemeanor."
(Emphasis added.) This statute appears to be the basis for the Hollises' argument below that Officer Davis's order not to reenter the house was not reasonable. Admittedly, if Officer Davis does not have immunity, the reasonableness of the order becomes the issue. However, if Officer Davis does have immunity, the reasonableness of the order is not at issue. Moreover, if Officer Davis is immune, then so is the City, which employed him. Howard v. City of Atmore,887 So.2d 201, 211 (Ala. 2003) ("It is well established that, if a municipal peace office is immune pursuant to § 6-5-338(a), then . . . the city by which he is employed is also immune."). Thus, the primary issue in this case is whether Officer Davis is immune. *Page 307 
In Ex parte Cranman, this Court restated the test for State-agent immunity as follows:
 "We therefore restate the rule governing State-agent immunity:
 "A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
 "(1) formulating plans, policies, or designs; or
 "(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
 "(a) making administrative adjudications;
 "(b) allocating resources;
 "(c) negotiating contracts;
 "(d) hiring, firing, transferring, assigning, or supervising personnel; or
 "(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or
 "(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law enforcement officers' arresting or attempting to arrest persons; or
 "(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.
 "Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
 "(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
 "(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."
792 So.2d at 405.
In Blackwood v. City of Hanceville, 936 So.2d 495,504 (Ala. 2006), this Court said:
 "`Cranman is a restatement
of the law of immunity, not a statute. . . . Cranman states categories, but does not purport to set forth an exhaustive list of activities falling within each category.' Howard v. City of Atmore, 887 So.2d 201, 206 (Ala. 2003).
 "Before Cranman, the immunity accorded a peace officer under § 6-5-338(a) was analyzed in terms of whether at the time of the act complained of the officer was engaged in the performance of a discretionary act.
 "`Thus, this statute [§ 6-5-338(a)] shields police officers from tort liability for discretionary acts performed "within the line and scope of [their] law enforcement duties." [§ 6-5-338(a)]; Williams, 741 So.2d at 1076. "Alabama law has defined `discretionary acts' as `"[t]hose acts [as to which] there is no hard and fast rule as to course of conduct that one must or must not take" and those requiring "exercise in judgment and choice and [involving] what is just and proper under the circumstances."'" Montgomery v. City of Montgomery, 732 So.2d 305, 310
(Ala.Civ.App. 1999) (emphasis added). "[U]nder the distinction between ministerial and discretionary functions, `the official is *Page 308 
immune only where that which he does in the performance of his lawful duties requires "personal deliberation, decision and judgment."'" White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991).'
"Norris v. City of Montgomery, 821 So.2d 149, 153
(Ala. 2001) (a post-Cranman case, but argued and decided without reference to Cranman). See also Exparte City of Montgomery, 758 So.2d 565 (Ala. 1999);Williams v. Crook, 741 So.2d 1074 (Ala. 1999); andCouch v. City of Sheffield, 708 So.2d 144 (Ala. 1998).
"However, `[w]hether a qualified peace officer is due §6-5-338(a) immunity is now judged by the restatement of State-agent immunity articulated by Ex parte Cranman,792 So.2d 392 (Ala. 2000). . . .' Hollis v. City ofBrighton, 885 So.2d 135, 143 (Ala. 2004).
 "`By enacting [§ 6-5-338], the Legislature intended to afford municipal law-enforcement officials the immunity enjoyed by their state counterparts. Sheth v. Webster, 145 F.3d 1231, 1237 (11th Cir.1998). Indeed, "[t]his statute, by its terms, extends state-agent immunity to peace officers performing discretionary functions within the line and scope of their law-enforcement duties." Moore v. Crocker, 852 So.2d 89, 90
(Ala. 2002) (emphasis added).
 "`In Ex parte Cranman, supra, this Court "restated the law of state-agent immunity in Alabama." Moore, 852 So.2d at 90. Since Cranman, we analyze immunity issues in terms of "State-agent" immunity, rather than "under the dichotomy of ministerial versus discretionary functions." Ex parte Hudson, 866 So.2d 1115, 1117 (Ala. 2003). See also Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala. 2003); Ex parte Turner, 840 So.2d 132, 134 n. 1 (Ala. 2002). Thus, we will address the applicability of peace-officer immunity under the principles set forth in Cranman. See Moore, supra; Ex parte Duvall, 782 So.2d 244 (Ala. 2000).'
"Howard, 887 So.2d at 203."
In Hollis I, this Court noted that the difference between the language of § 6-5-338(a) and the language used in category (4) of Cranman:
 "We notice a difference between certain critical language in the statute, § 6-5-338(a), and certain critical language in the Cranman restatement describing the conduct immunized. That is, the statute refers to `conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties' while immune category (4) of the Cranman restatement refers to conduct `exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons.'"
885 So.2d at 143-14. Writing specially in Hollis I, Justice Lyons stated:
 "The day may well come when the restatement in Ex parte Cranman, 792 So.2d 392 (Ala. 2000), should be modified so as to extend the reference in paragraph (4) dealing with `exercising of judgment in the enforcement of criminal laws,' 792 So.2d at 405 (emphasis added), to include an additional phrase dealing with `discharge of law-enforcement duties.' However, I agree with the main opinion that that issue at this stage of the proceedings in the instant case is not yet ripe for determination."
885 So.2d at 145 (Lyons, J., concurring in the rationale in part and concurring in the judgment). On appeal following remand, this Court has not been asked to modify category (4) of the Cranman restatement. Nevertheless, "this Court will affirm a *Page 309 
judgment for any reason supported by the record that satisfies the requirements of due process." Smith v. MarkDodge, Inc., 934 So.2d 375, 380 (Ala. 2006) (citingTaylor v. Stevenson, 820 So.2d 810, 814 (Ala. 2001)). By giving notice to the bench and bar of the possibility of a future clarification of immune category (4) of theCranman criteria, Justice Lyons's special writing inHollis I satisfies the due-process-requirements concern noted in Mark Dodge. Consequently, this Court is free to modify category (4) of the Cranman
restatement.[1]
Given the divergence between the scope of the immunity granted by § 6-5-338(a) — "conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties" — and summarized in category (4) of the Cranman restatement — "exercising judgment in the enforcement of the criminal laws of the State. . . ." — we conclude that immune category 4 of theCranman restatement should be expanded to restate the law of immunity in this area so as to reflect § 6-5-338(a).
Because the peace officers' immunity statute does not limit the availability of immunity to "enforcement of the criminal laws," we today modify category (4) of Cranman to read as follows:
 "A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
 ". . . .
 "(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala. Code 1975."
(Additional language emphasized.)
Applying the immune category (4) in the modifiedCranman restatement to the circumstances of this case, we conclude that because Officer Davis was exercising judgment in the discharge of his law-enforcement duties when he ordered Hollis not to reenter his house after he had already suffered severe burns, Officer Davis is immune from civil liability.
 IV. Conclusion
Because Officer Davis is immune the municipality that employed him is also immune. Accordingly, we affirm the summary judgment for the City of Brighton.
AFFIRMED.
NABERS, C.J., and LYONS, HARWOOD, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.
SEE, J., concurs specially.
[1] Our recognition that due process was afforded in this case by Justice Lyons's foreshadowing in Hollis I of a possible extension of category (4) of the Cranman
restatement does not imply that such notice is required in every case in which this Court modifies or overrules its precedent.