WISE, Justice.
The City of Selma ("the City"), a defendant below, filed a petition for a writ of mandamus requesting that this Court direct the Dallas Circuit Court to enter a summary judgment in its favor, based on State-agent immunity, as to claims Gregory Pettaway filed against it. We grant the petition and issue the writ.
Facts and Procedural History
Pettaway financed the purchase of a 2006 Nissan Armada sport-utility vehicle. Subsequently, Santander Consumer USA, Inc. ("Santander"), took over the loan. It appears that Santander contracted with Par North America, Inc. ("Par"), to handle repossessions for it and that Par used Central Alabama Recovery Systems ("CARS") to carry out the actual repossessions.
At around 4:30 a.m. on November 22, 2010, two men from CARS came to Pettaway's residence and told him that they were there to repossess the vehicle. By the time Pettaway got dressed and walked outside, the men had already hooked the Armada up to the tow truck and lifted it. Pettaway objected and telephoned the Selma Police Department; Officer Jonathan Fank responded to the call. After Officer Fank told Pettaway that the repossession was a civil matter and that he could not do anything because the vehicle was already hooked up to the tow truck, Pettaway again called the Selma Police Department to ask that Officer Fank's supervisor come to the scene.
Officer Willie Calhoun, a senior officer, arrived and looked at the paper the men from CARS had, noted how far behind in payments the paper indicated that Pettaway was, and told the men to take the vehicle. He also told Pettaway to get any of his personal belongings out of the vehicle before the men towed it away, and Pettaway did.
On May 23, 2011, Pettaway filed a complaint in the Dallas Circuit Court against Santander, Par, CARS, and the City.[1] He stated conversion, negligence, wantonness, and trespass claims. Although he stated conversion, negligence, wantonness, and trespass claims, Pettaway admitted that his only complaint against the City was *496 that the officers told the repossession men to take the vehicle.[2]
On June 2, 2011, the City filed an answer in which it admitted that officers were called to the scene at Pettaway's request to keep the peace but denied the remaining allegations as to the actions of its officers. It also raised the affirmative defense of immunity, including "immunity pursuant to § 6-5-338(b), Ala. Code 1975."
On June 28, 2011, the City filed a motion for a summary judgment. On August 24, 2011, Pettaway filed a response and an objection to the City's motion, but he did not present any evidence in support of his response. On January 13, 2014, the City filed a supplement to its motion for a summary judgment, adding as a ground an assertion that the City was entitled to State-agent immunity pursuant to § 6-5-338 and Ex parte Cranman, 792 So.2d 392 (Ala. 2000). The City supported the supplement with a brief, an affidavit from Officer Fank, and Pettaway's deposition testimony. Pettaway did not respond to the City's supplement.
The trial court conducted a hearing on the motion for a summary judgment.[3] On February 20, 2017, it denied the motion. This petition followed.
Standard of Review
" 'While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus.' Ex parte Rizk, 791 So.2d 911, 912 (Ala. 2000). A writ of mandamus is an extraordinary remedy available only when there is: '(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001)."
Ex parte Nall, 879 So.2d 541, 543 (Ala. 2003). Also,
"whether review of the denial of a summary-judgment motion is by a petition for a writ of mandamus or by permissive appeal, the appellate court's standard of review remains the same. If there is a genuine issue as to any material fact on the question whether the movant is entitled to immunity, then the moving party is not entitled to a summary judgment. Rule 56, Ala. R. Civ. P. In determining whether there is a material fact on the question whether the movant is entitled to immunity, courts, both trial and appellate, must view the record in the light most favorable to the nonmoving party, accord the nonmoving party all reasonable favorable inferences from the evidence, and resolve all reasonable doubts against the moving party, considering only the evidence before the trial court at the time it denied the motion for a summary judgment. Ex parte Rizk, 791 So.2d 911, 912 (Ala. 2000)."
Ex parte Wood, 852 So.2d 705, 708 (Ala. 2002).
Discussion
The City argues that the trial court erroneously denied its motion for a summary judgment. Specifically, it contends that, at the time of the incident that formed the basis for Pettaway's complaint, Officers Fank and Calhoun were performing *497 discretionary functions within the line and scope of their law-enforcement duties and that, therefore, they would be entitled to State-agent immunity. The City also asserts that none of the exceptions to State-agent immunity apply to this case. Therefore, it concludes that it is entitled to immunity based on the discretionary-function immunity that is afforded to police officers by § 6-5-338 and on State-agent immunity pursuant to Ex parte Cranman, 792 So.2d 392 (Ala. 2000).
Pettaway sued the City based on the actions of its officers, but he did not sue Officers Fank and Calhoun individually.
"It is well established that, if a municipal peace officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune. Section 6-5-338(b) provides: 'This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint peace officers.' (Emphasis added.) See Ex parte City of Gadsden, 781 So.2d 936, 940 (Ala. 2000). On the other hand, if the statute does not shield the officer, it does not shield the city. Borders v. City of Huntsville, 875 So.2d 1168, 1183 (Ala. 2003)."
Howard v. City of Atmore, 887 So.2d 201, 211 (Ala. 2003). Therefore, if Officers Fank and Calhoun would be entitled to immunity under § 6-5-338, then the City is entitled to immunity.
In Ex parte City of Midfield, 161 So.3d 1158, 1163-64 (Ala. 2014), this Court recognized:
" 'Section 6-5-338(a)[, Ala. Code 1975,] provides:
" ' "Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state ... and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties."
" 'The restatement of State-agent immunity as set out by this Court in Ex parte Cranman, [ 792 So.2d 392 (Ala. 2000) ], governs the determination of whether a peace officer is entitled to immunity under § 6-5-338(a). Ex parte City of Tuskegee, 932 So.2d 895, 904 (Ala. 2005). This Court, in Cranman, stated the test for State-agent immunity as follows:
" ' "A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
" ' "....
" ' "(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; ...
" ' "....
" ' "Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not *498 be immune from civil liability in his or her personal capacity
" ' "(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
" ' "(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."
" 'Cranman, 792 So. 2d at 405. Because the scope of immunity for law-enforcement officers set forth in § 6-5-338(a) was broader than category (4) of the restatement adopted in Cranman, this Court, in Hollis v. City of Brighton, 950 So.2d 300, 309 (Ala. 2006), expanded and modified category (4) of the Cranman test to read as follows:
" ' " 'A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
" ' " '....
" ' " '(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala. Code 1975.' "
" ' Hollis, 950 So.2d at 309. Additionally:
" ' " 'This Court has established a "burden-shifting" process when a party raises the defense of State-agent immunity.' Ex parte Estate of Reynolds, 946 So.2d 450, 452 (Ala. 2006). A State agent asserting State-agent immunity 'bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity.' 946 So.2d at 452. Should the State agent make such a showing, the burden then shifts to the plaintiff to show that one of the two categories of exceptions to State-agent immunity recognized in Cranman is applicable. ..." '
" Ex parte City of Montgomery, 99 So.3d [282,] 291-94 [ (Ala. 2012) ] (quoting Ex parte Kennedy, 992 So.2d 1276, 1282-83 (Ala. 2008) )."
In Ex parte Kennedy, 992 So.3d 1276, 1282-83 (Ala. 2008), this Court stated:
"The exception being argued here is that 'the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority.' [ Ex parte Estate of Reynolds,] 946 So.2d [450,] 452 [ (Ala. 2006) ]. One of the ways in which a plaintiff can show that a State agent acted beyond his or her authority is by proffering evidence that the State agent failed ' "to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist." ' Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala. 2003) (quoting Ex parte Butts, 775 So.2d [173,] 178 [ (Ala. 2000) ] )."
It is undisputed that Officers Fank and Calhoun are "peace officers" for purposes of § 6-5-338(a) and that their alleged misconduct occurred while they were performing a discretionary law-enforcement function-i.e., preventing a breach of the peace. Therefore, based on Ex parte Cranman, as modified by Hollis v. City of Brighton, 950 So.2d 300 (Ala. 2006), the City satisfied its burden of establishing *499 that the officers would be entitled to State-agent immunity.
Because the City established that the officers would be entitled to State-agent immunity, the burden then shifted to Pettaway to establish that " 'one of the two categories of exceptions to State-agent immunity recognized in Cranman is applicable.' " Ex parte City of Montgomery, 99 So.3d 282, 293 (Ala. 2012) (quoting Ex parte Kennedy, 992 So.2d at 1282 ). In his complaint, Pettaway alleged that
"Defendant City of Selma acted improperly through its Officers ... in order[ing] Plaintiff's vehicle to be taken. All acts were done wantonly, recklessly and maliciously."
However, after the City presented evidence showing that the officers would be entitled to State-agent immunity, Pettaway did not present any evidence, much less substantial evidence, to create a genuine issue of material fact as to whether Officers Fank and Calhoun " 'failed " 'to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist,' " ' " Ex parte City of Montgomery, 99 So.3d at 294 (quoting other cases), or acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law. In fact, Pettaway did not offer any argument or evidence in response to the City's supplemental motion for a summary judgment, which included its immunity arguments. Because Pettaway has not demonstrated that one of the exceptions to State-agent immunity under Ex parte Cranman applies under the facts of this case, Officers Fank and Calhoun would be entitled to State-agent immunity. Based on this Court's holding in Howard, supra, the City is likewise entitled to immunity.
Conclusion
For the above-stated reasons, we conclude that the City has established that it has a clear legal right to a summary judgment in its favor based on State-agent immunity pursuant to § 6-5-338 and Ex parte Cranman. Accordingly, we grant the City's petition for a writ of mandamus and direct the trial court to vacate its order denying the City's motion for a summary judgment and to enter a summary judgment for the City.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Bryan, and Sellers, JJ., concur.
Murdock, J., concurs in the result.

The claims against Santander were resolved through arbitration, and the claims against CARS and Par were dismissed by a joint stipulation of the parties.

In the complaint, Pettaway incorrectly identified the responding officers as Officers Smyly and Benjamin.

Neither party has provided a transcript of the hearing for this Court's review.